UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| CHARLES BOZEMAN and | ) | | |
| JOE ZAPPA, | ) | | |
| | ) | | |
| Plaintiffs, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:06-CV-453 |
| | ) | | (VARLAN/SHIRLEY) |
| ERIC W. MEYERS and | ) | | |
| JAMES R. VODENICKER, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## **MEMORANDUM AND ORDER**

This civil action is before the Court on defendants' Motion to Dismiss [Doc. 7], in which defendants argue that this lawsuit should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiffs have responded in opposition to the pending motion [Doc. 10], and defendants have filed a reply [Doc. 12], thereby making this matter ripe for adjudication. For the reasons set forth below, the Court will deny defendants' motion to dismiss.

### I.     **Relevant Facts**

As the Court is required to do on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court will construe the complaint [Doc. 1] in the light most favorable to plaintiffs, accept all well-pleaded factual allegations as true, and determine whether plaintiffs can prove no set

of facts in support of their claims that would entitle them to relief. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

Plaintiffs, Charles Bozeman and Joe Zappa, and defendants, Eric Meyers and James Vodenicker, along with other individuals, were limited partners in Highway 66, a Tennessee limited partnership formed on or about May 2, 1995. [Doc. 1 at ¶¶ 1, 6.] Highway 66 was formed pursuant to a Limited Partnership Agreement ("LP Agreement") [Doc. 5, Att. 2], with the purpose of the limited partnership being "the management, leasing, operation, and ownership of a music theater in Sevier County, Tennessee," [*Id.* at § 3, p. 1], the Lee Greenwood Theater. [Doc. 1 at ¶ 8.] In order to finance the limited partnership, two loans were obtained from Branch Banking and Trust Company ("BB&T"), one in the amount of $898,381.65 and the other in the amount of $3,101,568. [Doc. 1 at ¶ 9.] These loans ("BB&T Loans") were personally guaranteed by each limited partner, including plaintiffs and defendants, through their signing of guaranty agreements which made them jointly and severally liable for the debt incurred through the BB&T Loans. [*Id.* at ¶ 10; Doc. 8 at 2.]

On June 23, 2003, BB&T instituted foreclosure proceedings against the Lee Greenwood Theater on account of nonpayment of the BB&T Loans. [Doc. 1 at ¶ 12.] As a result, that property was sold at a foreclosure sale and the limited partners were released from their personal guarantees of the BB&T Loans. [*Id.*]

Some time before the Lee Greenwood Theater was foreclosed upon, the limited partners loaned $1,414,010 to the limited partnership. [Doc. 1 at ¶ 13.] Plaintiffs' complaint does not expressly state why or when the limited partners were requested to make this loan

2

to the partnership, but notes that "[d]uring the course of the BB&T Loans, it became necessary for the limited partners to loan money to Highway 66 in order for Highway 66 to make payments to BB&T and to pay for other expenses." [*Id.* at ¶ 11.] Defendants, however, did not contribute to this amount. [*Id.* at ¶¶ 13-15.] As a result, plaintiffs state that "every other limited partner was forced to pay an amount in excess of his pro rata share." [*Id.* at ¶ 13.] Defendants state that they "did not continue to make capital contributions or loans to Highway 66 beyond a certain time consistent with and pursuant to the terms and provisions of Section 6 of the L.P. Agreement."[1] [Doc. 8 at 3.]

As a result of defendants' refusal to pay any portion of the $1,414,010 amount, plaintiffs filed suit in this Court on November 21, 2006, seeking contribution "so that the Plaintiffs are reimbursed for payments they made to Highway 66 in excess of their pro rata share." [Doc. 1 at ¶ 17.] Defendants then simultaneously filed their answer and the pending

---

[1]As to the refusal of a limited partner to make requested payments to the limited partnership, Section 6 of the LP Agreement provides the following:

> If any Limited Partner does not loan his prorata share of said additional funds within the sixty (60) day period after written notice from the General Partner [requesting a loan from the limited partners], then: (1) the Partnership shall pay the former Limited Partner their prorata portion of the latest Certificate of Value as established by the partnership and any Promissory Notes due said Limited Partner from the Partnership, (2) he shall cease to be a Limited Partner, (3) his former Limited Partnership interest shall be divided equally among the remaining Limited Partners. Each of the undersigning Limited Partners separately acknowledges, contracts, and agrees that if they do not comply with this additional loan provision section set forth above, their Limited Partnership interest shall be automatically canceled upon payment of the above specified monies.

[Doc. 5, Att. 2 at § 6, p. 4.]

motion to dismiss, arguing that because they were not "personally liable for any portion of the debts to Highway 66 except pursuant to the aforesaid Guaranty Agreements [entered into with BB&T]," [Doc. 8 at 3], plaintiffs are barred from seeking contribution from them for their share of the $1,414,010 amount and that the complaint therefore fails to state a claim upon which relief can be granted.

**II.     Analysis**

   A.     Standard of Review

Defendants have moved to dismiss the plaintiffs' claims pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski*, 319 F.3d at 855. While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). The issue is not whether the plaintiff will prevail, but whether the claimant is entitled to offer evidence to support his or her claim. *Chapman v. City of Detroit*, 80 F.2d 459, 465 (6th Cir. 1986). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged

are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

B. Contribution

Defendants argue that, because the amount for which plaintiffs seek contribution from defendants was not a result of monies paid or disbursed directly to BB&T as repayment of the personally guaranteed BB&T Loans, plaintiffs are barred from seeking contribution from them for their prorata share of the $1,414,010 amount. [Doc. 8.] Plaintiffs contend that the $1,414,010 amount was paid to the limited partnership in order to pay BB&T and discharge the partnership debt arising from the BB&T loan, [Doc. 11 at 2], and argue that "[i]t would be unjust and inequitable for Defendants to avoid paying their share of the debts paid off by Plaintiffs and the other limited partners merely because payment to the bank came through the office of the limited partnership." [*Id.* at 6.]

> Under Tennessee law, a claim for contribution can be brought:
>
> when one of several parties jointly liable for a common debt pays more than his or her share to discharge the debt for the benefit of all. Once a person has paid more than his or her fair share of a common debt, he or she may use an action for contribution as a vehicle for obtaining restitution from the other persons who are equally liable on the debt.

*Hardy v. Miller*, 2001 WL 1565549 at *5 (Tenn. Ct. App. Dec. 10, 2002) (citing *Newsome v. Shackleford*, 163 Tenn. 358, 361 (1931); *Rhea v. White*, 40 Tenn. 121, 122 (1859)). Thus, a claim for contribution can only arise where debt was discharged and liability for that debt is joint among the parties at issue. *E.g.*, *Jobe v. O'Brien*, 21 Tenn. 34, 36 (1840); *Squibb v. Smith*, 948 S.W. 2d 752, 754 (Tenn. Ct. App. 1997). As the *Hardy* Court went on to note,

5

this is oftentimes the case where a debt is discharged by some, but not all, partners of a partnership, with "a partner who pays a partnership debt out of his or her own funds [being] entitled to contribution from the other partners," where all the partners are jointly and severally liable for that debt. *Hardy*, 2001 WL 1565549 at *5. Thus, there are two key inquiries in determining whether plaintiffs have stated a claim for contribution in this case: (1) whether the $1,414,010 amount was a payment made to discharge the limited partnership's BB&T debt, and (2) whether the limited partners are jointly and severally liable for that debt. *See id.*

Here, it is undisputed that the limited partners of Highway 66, including defendants and plaintiffs, were jointly and severally liable for the debt owed to BB&T given that each signed guaranty agreements making themselves personally liable for the entire debt. [*See* Doc. 8 at 2-3; Doc. 11 at 1-2.] However, what is unclear is whether that $1,414,010 was a loan made by the limited partners to the limited partnership or, instead, was contribution to the debt owed to BB&T. If those funds were simply a loan to the limited partnership, plaintiffs would not be entitled to contribution, both by virtue of Tennessee law, *see, e.g.*, *Frazier v. Frazier*, 221 Tenn. 705, 716 (1968), and the triggering of Section 6 of the LP Agreement's provisions setting forth the actions to be taken when a limited partner refuses to make a loan to the partnership. [*See* Doc. 5, Att. 2 at § 6, p. 4.] If, however, the funds were a discharge of the debt owed to BB&T, Tennessee law establishes that defendants' personal liability for and guarantee of the BB&T Loans makes them jointly and severally

liable for those debts and therefore, would make an action for contribution appropriate in this case. *See, e.g., Equitable Trust Co. v. Central Co.*, 145 Tenn. 148, 184 (1922).

As to the purpose of $1,414,010 amount, the Court has been presented with a somewhat incomplete picture as to whether those funds were in fact intended to be used to pay off the BB&T Loans. Plaintiffs' complaint does not specify why those funds were contributed to the limited partnership, stating only that "[b]efore BB&T released the limited partners from their guarantees, the limited partners had loaned Highway 66 a total of $1,414,010." [Doc. 1 at ¶ 13.] The complaint does note that "[d]uring the course of the BB&T Loans, it became necessary for the limited partners to loan money to Highway 66 in order for Highway 66 to make payments to BB&T and to pay for other expenses," [*id.* at ¶ 11], but does not explicitly set forth whether the $1,414,010 amount was used to make payments on the BB&T Loans. Similarly, defendants' memorandum in support of their motion to dismiss notes, rather murkily, that "[s]ome additional capital contributions were made by said Defendants and other limited partners to Highway 66 in addition to any loans by the limited partners to Highway 66." [Doc. 8 at 2.] In their response in opposition to the pending motion to dismiss, plaintiffs do explicitly assert that the funds in question were intended to be a contribution to the limited partnership in order to pay the debt owed to BB&T, and accordingly, constitute discharge of a debt. [Doc. 11 at 5]. Defendants note this inconsistency in their reply brief, arguing that plaintiffs have previously stated in their pleadings that "Highway 66 (not the limited partners) paid the BB&T loans directly from contributions and/or loans generated pursuant to the contractual provisions of the L.P.

Agreement...." [Doc. 12 at 2.] Thus, the Court has before it conflicting accounts of the purpose of the $1,414,010 for which plaintiffs seek contribution.

However, in assessing the pending motion to dismiss, the Court is required to take plaintiffs' allegations as true. *Trzebuckowski*, 319 F.3d at 855. In so doing, the Court is unable to conclude on the present, relatively undeveloped record that the allegations as presented by plaintiffs are insufficient to state a claim for contribution, and that plaintiffs can prove no set of facts that would entitle them to relief. Accordingly, defendant's motion to dismiss will be denied at this juncture.

### III. Conclusion

For the reasons set forth herein, defendants' Motion to Dismiss [Doc. 7] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE